# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

IN RE:         TRACY GLENN GRASZ,                )
                 XXX-XX-2522                              )
                                                )
                                                ) **Case No. 03-24132-WV**
                                                ) **Chapter 7**
                                                )
               **Debtor.**                                          )

## MOTION TO DETERMINE THE DEBT OF DISCOVER BANK DISCHARGED AND VOID AS OF THE DATE OF BANKRUPTCY DISCHARGE, APRIL 13, 2004, AND FOR REMAND TO STATE COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS RULING

COMES NOW the Debtor, Tracy Grasz, and moves the Court for an order finding that Discover Bank had filed a judgment lien on May 30, 2003 in the Cleveland County Court Clerk's records, DOC # M 2003-3013, filed in Book M 55 at Page 1086.  (See Tracy Grasz' Exhibit 7 hereto, defendant's Exhibit 1 offered to the Small Claims Court).  Thereafter, Tracy Grasz moves for an order that finds he filed bankruptcy in the above case and (1) that he showed an IRA in his bankruptcy schedules filed with this Court in the above case;[1] (2) that he also showed a debt to Discover Bank in his schedules (See bankruptcy schedule D); (3) that Discover Bank did not take exception to or make any objection to the claimed IRA exemption as claimed by the debtor in his schedules; (4) that the time for any such objection was April 2, 2004; (5) that this Court entered a discharge of the debt to Discover Bank on April 13, 2004, which operated as an injunction against any collection attempts by Discover Bank to collect its debt (See Tracy Grasz Exhibit 7 hereto, Defendant's Exhibit 3 to the Small Claims Court);  (6) that the continued collection attempts and failure to release the lien by Discover constituted a slander of title on the

---

[1] On June 24, 1997, Lyle Hague and Leslie Hague transferred certain real property to Union Bank & Trust Company; custodian for Tracy Grasz IRA in an Individual Retirement Account for the benefit of Tracy Grasz.

property of the debtor; (7) commanding Discover to file a release of its judgment lien instanter; and (8) finding that the state court has jurisdiction to set aside judgments pursuant to 12 O.S. §706D where the creditor was listed on bankruptcy schedules and failed to avail itself of bankruptcy remedies, opting to remain quiet and allow a discharge to be granted.

## STATEMENT OF THE CASE

1.  Tracy Grasz is a resident of Cleveland County, State of Oklahoma, and resides East of the City of Lexington.

2.  On June 24, 1997, Lyle Hague and Leslie Hague transferred certain real property to Union Bank & Trust Company; custodian for Tracy Grasz IRA in an Individual Retirement Account for the benefit of Tracy Grasz. The conveyance was recorded in the Cleveland County Clerk's office at Book 2848, Page 694.  A copy of the deed is attached hereto as Exhibit 1.

3.  Thereafter, three judgment liens were obtained by three different judgment creditors, to-wit:

    1. Sherman Acquisition, L.P., assignee of Sears, Roebuck & Co., and recorded on the 1st day of May, 2003, in Book M 55 at Page 188.

    2. Providian National Bank and recorded on the 24th day of February 2000, in Book M. 32 at Page 857.

    3. Discover Bank (Discover Card) by SA Discover Financial Services, Inc., filed on the 30th Day of May as DOC M 55, at page 1086.

4.  On the 30th day of December, 2003, Tracy Grasz filed bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma in Case No. BK-03-24132-WV. A copy of the first page of the Petition is attached as Exhibit 2 hereto.

5. Tracy Grasz did not own any real property on the date he filed bankruptcy. His Bankruptcy Petition reflects zero real property. A copy of the schedule of Real Property in the Bankruptcy Petition is attached hereto as Exhibit 3.

6. On the date he filed bankruptcy, Tracy Grasz did show and reveal to the Bankruptcy Court his ownership of a Individual Retirement Account ( hereinafter referred to as his "IRA"). A copy of the schedule of personal property from the bankruptcy Petition is attached hereto as Exhibit 4.

7. The issue of the IRA was brought up by the Bankruptcy trustee at the 341 meeting of creditors and it was determined that the IRA was exempt property pursuant to 31 O.S. Section 1(A)(20), which provides in relevant part as follows:

> **Section 1.  Property exempt from attachment, execution or other forced sale–Bankruptcy Proceedings.**
>
> **A.** Except as otherwise provided in this title...the following property shall be reserved to every person residing in the state, exempt from attachment or execution and ever other species of forced sale for the payment of debts...
>
> 20. Subject to the Uniform Fraudulent Transfer Act, **any interest in a retirement plan** or arrangement qualified for tax exemption or deferment purposes under present or future Acts of Congress;.... shall include without limitation, **trusts**, custodial accounts, insurance, annuity contracts and **other properties** and rights constituting a part thereof. By way of example and not by limitation, retirement plans or arrangements qualified for tax exemption or deferment purposes permitted under present Acts of Congress include defined contribution plans and defined benefit plans as defined under the Internal Revenue Code ("IRC"), individual retirement accounts, individual retirement annuities, simplified employee pension plans, Keogh plans, IRC Section 403(a) annuity plans, IRC Section 403(b) annuities, Roth individual retirement accounts created pursuant to IRC Section 408A, educational individual retirement accounts created pursuant to IRC Section 530 and eligible state deferred compensation plans governed under IRC Section 457. This provision shall be in addition to and not a limitation of any other provision of the Oklahoma Statutes which grants an exemption from attachment or execution and every other species of forced sale for the payment of debts....

8. Neither the creditor, Discover Card, nor any other creditor filed any objections or adversary proceedings in bankruptcy court and did not make any claims in the bankruptcy court proceedings.

9. On April 13, 2004, Tracy Grasz received a discharge by the United States Bankruptcy Court. A copy of the discharge is attached as Exhibit 5. A discharge is controlled by 11 U.S.C. Section 524 which provides:

> **§ 524. Effect of discharge**
>
> (a) A discharge in a case under this title–
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) <u>operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and</u>
>
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

10. The effect of a bankruptcy discharge prohibits any personal liability of the debtor and prohibits any actions to collect a previous debt.

11. On the 18th day of December, 2005, the trustee of the trust, Douglas Koenig, Trust transferred certain real property to Tracy Grasz. See Exhibit 6 hereto.

12. The real property was transferred to Tracy Grasz on December 18, 2005, about two years after Tracy Grasz received a discharge in bankruptcy, and was not owned by him at the time bankruptcy was filed.

13. There was nothing for any judgment lien to attach to at the time bankruptcy was filed.

14. Tracy Grasz was unable to file a motion to avoid a lien in bankruptcy court as he owned no real property on the date he filed bankruptcy.

15. In 2007, Tracy Grasz was in need of a loan which would be secured by his real property.

16. When a title opinion was performed, the title examiner required that the three judgment liens be released before a loan would be made.

17. When shown by counsel that the real property of Tracy Grasz was property acquired after a discharge was granted, two of the creditors holding judgment liens, namely Sears, Roebuck & Co., and Providian National Bank promptly executed releases of the judgments.

18. On the 26th day of July, 2007, a Motion to Release the Lien was mailed to William L. Nixon, Jr., judgment creditors attorney for Sears, Roebuck & Co. in Case No. CS-2003-98-G. This judgement creditor promptly executed a General Release which has been executed by Honorable Judge Gaston and filed of record.

19. Likewise, Providian National Bank had obtained a judgment lien against Tracy Grasz in Case No. CJ-99-2367 and recorded in Book M 32, at Page 857. That general release was also executed by the creditor, signed by Honorable Judge Lucas, and was filed of record.

20. Also on the 26th day of July, 2007, a Motion to Release the Lien was mailed to Discovery Card and its attorney of record, Stephen L. Bruce (Exhibit 7). Discover Card has refused to execute a release and continues its insistence of payment from Tracy Grasz. See the letter of

Discover demanding payment of $19,339.32 as of September 24, 2007 with interest accruing at $4.83 per diem. (Exhibit 8)

21.  Discover not only refused to release its lien, but it also appeared in the Small Claims Court and objected to the lien being set aside.  Both parties briefed the issue, and in an order filed on November 19, 2008 the Small Claims Court issued its order declining jurisdiction and referring the case to the bankruptcy Court.  The debtor appealed the ruling to the Oklahoma Court of Civil Appeals which ultimately affirmed the trial court on February 25, 2010.  A  copy of that opinion is attached hereto as Exhibit 9.

22.  The Debtor has been forced to incur expenses such as attorney's fees, and cost of this action.

23.  Debtor has also suffered slander of his title, denial of credit important for his needs, and intentional infliction of emotional distress as a direct result of Discover's actions.

24.  Tracy Grasz has another case pending in state court where he desires a jury trial to determine his damages.

25.  Tracy Grasz needs an order from this Honorable Court that this debt was discharged.

## STATEMENT OF FACTS

1.  Tracy Grasz did not list any real property on his bankruptcy petition as he did not own any real property at that time.

2. He owned an IRA.  The IRA was revealed to the bankruptcy court and was claimed as exempt property.

3. Neither Discover nor any other creditor filed an adversary proceeding or objection to the IRA claim.

4.  The trustee questioned the IRA claim and was satisfied that it was indeed an IRA.

5.  Tracy Grasz was granted a discharge in bankruptcy.

6.  The only real property owned by Tracy Grasz is "after-acquired" property.

7.  Discover is attempting to collect a debt and refuses to release its lien as to that "after acquired" property even though it knows or should know that its lien is clouding the title to that property.

8.  In essence, it is attempting to collect a debt which it has no right to collect.

Tracy Grasz adopts by reference his Motion to Reopen and all documents attached thereto.

## ARGUMENT AND AUTHORITY

General rules of construction mandate that a debtors affairs be settled according to the debtors affairs as of the date of filing bankruptcy. 11 U.S.C. Section 541. In re Alexander, 980 P.2d 659 (Okla. 1999). In any cases of doubt, all doubt is to resolved in favor exemption. In re Alexander, Id. See also 31O.S. Section 1(A)(21). Exemption statutes are construed liberally in favor of the debtor. In re Anderson, 932 P.2d 1110 (Okla. 1996); In re Lindsey, 832 P.2d 1, 4, (Okla. 1992) cited with approval, Footnote 4, In re Anderson, Id.

There is no question that a debtor who possesses real property subject to a judgment lien in effect at the time bankruptcy is filed must file a motion to avoid that lien in Bankruptcy Court. If he fails to do so, the personal responsibility for payment of the debt is discharged, but the lien on the real property continues. In the instant case the debtor could not file a motion to avoid the lien as he possessed no real property at the time he filed bankruptcy. He owned an IRA. Union National Bank held title to the real property, not the debtor. In fact, there was no real property owned by Tracy Grasz at the time of filing bankruptcy for the lien to attach to. He only owned

an IRA which was deemed exempt property pursuant to 31 OS. §(A)(20).  Since he owned no real property at the time the bankruptcy was filed, Tracy Grasz was not able to file a motion to avoid the lien.

The creditor could have objected to this exemption.  Why did it fail to do so?   The deadline for objections was April 2, 2004.  See the notice Discover received attached hereto as Exhibit 10.  The creditor did not object to the schedules of Tracy Grasz.  It should be noted that the trustee questioned the IRA exemption and did not object to the validity of the IRA.  Neither did the creditor or the trustee ever file any adversary proceeding or objections to the claimed exemption.  As of April 2, 2004, Discover lost its chance to dispute the exemption of the IRA and now is refusing to release its defunct judgment which is clouding the title to real property of Tracy Grasz.

The elements of slander of title are (1) Publication; (2) a false statement in the publication; (3) malice in the publication; and (4) special damage.  In the instant case, the publication was not improper when it was originally filed.  It became improper when Tracy Grasz requested that the lien be released, at least as to his real property which was all after acquired property; and the defendant refused to do so.  In other words it continued in its wrongful publication.  The false statement is in its continuation in its attempt to collect the debt which was discharged.  The act is malicious as it is an improper attempt to collect a debt that is not owed.  Tracy Grasz suffers special damage as he has been unable to obtain money or mortgage his property.  He is being deprived of his enjoyment of the property.  Further, Discover has ruined the credit of Tracy Grasz unless he pays it a sum over $20,000.00.  State court is awaiting this Court's determination.

The instant case is very similar to the case of Zehner v. Post Oak Co,, 640 P.2d 991 (Okla. 1981). In that case a property owner brought a slander of title action against persons holding an invalid lease on property. The lessees argued that a partition action canceled the leases as a matter law and that a slander of title action could not be made. The debtor/plaintiff argued that the refusal to release the leases were in effect an attempt to force the purchaser to lease the property to the defendant or to no one. The trial court agreed. The case went to jury trial where the plaintiff was awarded actual and punitive damages. Turning to the instant case, the instant case is similar as the creditor is attempting to force Tracy Grasz to either pay a debt he does not owe or suffer a cloud to his title which prevents him from enjoying his property. As the trial court did in Zehner, the instant case should be presented to a jury in order to determine the damages suffered by Tracy Grasz.

A judgment lien does not attach to after-acquired property. See In re Kimmel, Rooz v. Kimmel, 367 B.R. 166 (Bktcy. N.D. Cal. 2007); and Mechling v. Bonner County, Office of County Assistance, 284 B.R. 127 (Bktcy. D. Idaho 2002). A creditor must take action in a bankruptcy case. After the time for claims has passed, it is too late to assert a claim to after-acquired property. In re Kimmel, Rooz v. Kimmel, Id. The facts in Mechling are easily applied to the instant case. A debtor in that case had obtained medical care. The debtor was sued by the medical provider, and a judgment lien entered before bankruptcy was filed. In that case the debtor did not own real property at the time the county either obtained a judgment against him or at the time of filing his bankruptcy. The court there clearly noted that the debtor did not ever own any real property **when the notice of lien was filed, at any time prepetition, or when bankruptcy was filed**. The county argued that the lien would be in effect and attach to any

-9-

property obtained post-petition.  The court ordered the county to release its lien and in doing so reasoned that there was no "res" for the lien to attach to at the time of filing bankruptcy and that "it logically <u>cannot</u> be supposed that the [Bankruptcy] [Act] nevertheless intended to keep such debt alive for the purpose of permitting the creation of an enforceable lien upon subject not existent when the bankruptcy became effective, or even arising from, or connected with, preexisting property.."  The court continued later, "Recording of judgment creates a valid, enforceable judicial lien if [and only if] either (1) a "res" exists at the time the judgment is recorded, or (2) assuming the lien may properly attach to after-acquired property, such property is obtained prior to bankruptcy.  See <u>Mechling</u> at Paragraph [4].  Again, the court ordered the county to release its judgment lien on after-acquired property.  Turning to the instant case, Discover Card has no valid lien and violated the discharge injunction as there was no "res" at the time the lien was filed; and Tracy Grasz never obtained any property before bankruptcy was filed.  This honorable Court should issue its order commanding Discover to file a release of its judgment lien.

     WHEREFORE, Tracy Grasz moves this honorable Court to issue its order finding that he filed bankruptcy in the above case and (1) that he showed an IRA in his bankruptcy schedules filed with this Court in the above case; (2) that he also showed a debt to Discover Bank in his schedules; (3) that Discover Bank did not take exception to or make any objection to the claimed IRA exemption as claimed by the debtor in his schedules; (4) that the time for any such objection has passed; (5) that this Court entered a discharge of the debt to Discover Bank on April 13, 2004, which operated as an injunction against any collection attempts by Discover Bank to collect its debt;  (6) that the continued collection attempts and failure to release the lien by

Discover constituted a slander of title on the property of the debtor since the date the discharge was granted (April 13, 2004); (7) commanding Discover to file a release of its judgment lien instanter; and (8) finding that the state court has jurisdiction to set aside judgments pursuant to 12 O.S. §706D where the creditor was listed on bankruptcy schedules and failed to avail itself of bankruptcy remedies, opting to remain quiet and allow a discharge to be granted.

RESPECTFULLY SUBMITTED,

/S/     Jack Tracy
JACK F. TRACY OBA #11713
201 West Main Street
Purcell, OK 73080
Telephone:  (405) 527-5571
Facsimile: (405) 527-2557
Attorney for Debtor, Tracy Grasz

## CERTIFICATE OF ELECTRONIC TRANSMITTAL/MAILING

This will certify that a true and correct copy of the above and foregoing motion was transmitted to the Court for filing on the 26th day of October, 2010, for service on all ECF electronic registrants, including the following:

Robert D. Garrett, Trustee
Herbert M. Graves, US Trustee

Further, I certify that on the 26th day of October, 2010, a copy of the motion was forwarded via US. Mail, 1st Class Mail, postage prepaid thereon to all creditors and parties in interest as shown by the mailing list attached hereto.

 /S/   Jack Tracy
Jack Tracy