NOT FOR OFFICIAL PUBLICATION

IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA

DIVISION II

FILED
COURT OF CIVIL APPEALS
STATE OF OKLAHOMA

FEB 2 5 2010

MICHAEL S. RICHIE
CLERK

DISCOVER BANK (DISCOVER CARD) )
BY SA DISCOVER FINANCIAL )
SERVICES, INC., )
)
    Plaintiff/Appellee, )
)
vs. )    Case No. 106,655
)
TRACY G. GRASZ, )
)
    Defendant/Appellant. )

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY

HONORABLE RODNEY D. RING, TRIAL JUDGE

**AFFIRMED**

Stephen L. Bruce
Richard S. Winblad
Brandi L. Dotson
STEPHEN BRUCE AND ASSOCIATES
Edmond, Oklahoma                    For Plaintiff/Appellee

Jack F. Tracy
Purcell, Oklahoma                       For Defendant/Appellant

OPINION BY JANE P. WISEMAN, CHIEF JUDGE:

EXHIBIT 9

Tracy G. Grasz (Defendant) appeals from the trial court's denial of his motion to release a judgment lien held by Discover Bank (Discover Card) by SA Discover Financial Services, Inc. (Bank). The issue on appeal is whether the trial court erred in finding it had no authority to discharge Bank's lien. We find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

On October 15, 2002, Bank filed a lawsuit against Defendant seeking a judgment for unpaid credit card balances. On May 13, 2003, Bank obtained a judgment against Defendant in the amount of $11,416.28. On May 30, 2003, Bank recorded a Statement of Judgment with the Cleveland County Clerk. On December 30, 2003, Defendant filed a Chapter 7 bankruptcy and listed Bank as a creditor. In the Schedule C filed in his bankruptcy, Defendant claimed an IRA account, among other things, as part of his exempt property. He also listed the IRA account as personal property in his Schedule B. Defendant obtained a bankruptcy discharge on April 13, 2004.

On December 28, 2005, Union Bank & Trust Company executed a quitclaim deed to Defendant for real property located in Cleveland County. It appears that this property had been transferred to Union Bank in 1997 by warranty deed as

"Custodian for Tracy Grasz IRA." This real property apparently was held by the IRA before Defendant filed bankruptcy and even before Bank filed its lawsuit.

On July 27, 2007, Defendant filed a motion requesting the trial court to release Bank's judgment lien arguing that the bankruptcy discharge prevented Bank from collecting the debt. Defendant filed the motion because Bank's lien clouded his "title to the residential real estate owned by [him]." Defendant later filed a supplemental brief arguing that because he neither owned nor acquired the property until *after* he filed bankruptcy, the lien could not attach to his property. He argues instead that he only owned an IRA "which was deemed exempt property pursuant to 31 O.S. § [1](A)(20)."

Bank objected to Defendant's motion arguing the trial court lacked jurisdiction to grant the relief requested. Bank claimed the bankruptcy discharged only Defendant's personal liability but left "all other *in rem* remedies intact." Bank asserts a bankruptcy discharge "does not automatically avoid or discharge a lien." Bank further contended that if Defendant wanted to avoid the judgment lien, he must request such relief from the bankruptcy court because the trial court does not have the authority to avoid liens under the circumstances presented.

3

In an order filed November 19, 2008, the trial court denied Defendant's motion finding that it was "without authority to discharge the Plaintiff's lien. The Defendant's remedy is th[r]ough the bankruptcy Court."

Defendant appeals.

## STANDARD OF REVIEW

"The issue of subject matter jurisdiction presents this Court with a question of law" which we review *de novo*. *Hall v. Cherokee Nation*, 2007 OK CIV APP 49, ¶ 10, 162 P.3d 979, 982.

## ANALYSIS

Defendant first argues the trial court erred in finding it was without jurisdiction or authority to release the lien. Defendant takes the position that because the debt owed to Bank was discharged, the trial court had jurisdiction under 12 O.S.2001 § 706(E)(2) to release the lien. This statute provides in part: "The lien of any judgment which has been satisfied by payment *or otherwise discharged* and which has not been released by the judgment creditor shall be released by the court upon written motion." Bank, however, contends that, although Defendant's *in personam* liability on the debt was extinguished, the lien was not discharged and therefore survived the bankruptcy. In its response to Defendant's motion to release the lien, Bank asserts: "In the instant case the

4

discharge of the debtor was specifically limited to a determination of the *personal liability* of the debtor–it did not discharge any liens."

Although the parties dispute whether the judgment lien was discharged in the bankruptcy proceeding, this is not our question to answer, and we decline to do so. *American Assocs., Inc. v. Quimby*, 2008 OK CIV APP 91, ¶ 11, 198 P.3d 411, 414 (recognizing that "our jurisdiction does not extend to [a] review of the bankruptcy court's determinations concerning lien avoidance and discharge"); *see also Travelers Indem. Co. v. Bailey*, ___ U.S. ___, 129 S. Ct. 2195, 2205 (2009)(holding that post-discharge, a bankruptcy court has jurisdiction to enforce and interpret its own orders even though the bankruptcy case was closed and the claims would not impact the bankruptcy estate); *Hawthorne v. Hameed,* 1989 OK CIV APP 88, ¶ 14, 836 P.2d 683, 685 (a "bankruptcy court has the responsibility to . . . enforce its own orders").

The effect of the bankruptcy discharge on the judgment lien in question has not been addressed or decided by the bankruptcy court. Until this occurs, the trial court lacks authority under 12 O.S.2001 § 706(E)(2) to release the lien, as the trial court properly held.

5

## CONCLUSION

We conclude the trial court was correct in its denial of Defendant's motion, and we affirm. In light of this determination, we will not address Defendant's remaining issues on appeal.

**AFFIRMED.**

FISCHER, P.J., and BARNES, J., concur.

February 25, 2010