IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:                                    )
 TRACY G GRASZ,                           ) Bkr. No. 03-24132
                                          ) Chapter 7
    Debtor,                               )

DISCOVER BANK'S OBJECTION TO THE
DEBTOR'S MOTION TO DETERMINE DISCHARGE

COMES NOW, Discover Bank and for its objection to the Debtor's motion to reopen states as follows:

INITIAL STATEMENT

The Debtor's motion asks the Court to make the following findings:

(1) That he showed an IRA in his bankruptcy schedules filed with this Court;

(2) that he showed a debt to Discover Bank in his schedules;

(3) that Discover Bank did not take exception to or make any objection to the claimed IRA exemption as claimed by the debtor in his schedules;

(4) that the time for any such objection has passed;

(5) that this Court entered a discharge of the debt to Discover Bank on April 13, 2004, which operated as an injunction against any collection attempts by Discover Bank to collect its debt;

(6) that the continued collection attempts and failure to release the lien by Discover constituted a slander of title on the property of the debtor since the date the discharge was granted (April 13, 2004);

(7) to issue an order commanding Discover to file a release of its judgment lien; and

1

    (8) make a finding a "that the state court has jurisdiction to set aside judgments pursuant to 12 O.S. §706D where the creditor was listed on bankruptcy schedules and failed to avail itself of bankruptcy remedies, opting to remain quiet and allow a discharge to be granted."

Discover Bank has never disputed items one through five. The Debtor's motion provides the false impression that Discover Bank disputes that the debt and judgment owed to it were discharged as an *in personam* debt.  Item six asks the court to determine that the failure to release the lien is slander of title even though Discover Bank has taken no steps to collect the debt as an *in personam* obligation of the Debtor nor to foreclose the judgment lien.  Item seven asks that the Court order Discover Bank's lien to be released but provides no authority for that request.  The final item asks the Court to Rule that the State Court has the authority to release the lien.  However, that issue has already been brought to Oklahoma's highest court and it refused to grant the requested relief.  The only genuine issue is whether the debtor is entitled to release of the judgment lien.

## OVERVIEW OF THE FACTS AND PROCEDURAL HISTORY

Discover Bank has never asserted that its judgment survived the bankruptcy as an *in personam* liability of the debtor.  Throughout the extensive litigation, Discover Bank has taken the position that if its judgment lien attached prior to the bankruptcy the only way to obtain a release is through a motion to avoid the lien pursuant to 11 U.S.C. § 522(f) and if Discover Bank's judgment lien did not attach to the property because the Debtor acquired it after he filed bankruptcy, there is no need for it to release its lien.  In its very first response to the Debtor's motion for release of its judgment lien in the state court action, Discover Bank responded as follows:

> … Should the debtor want to avoid the judgment lien he must seek relief from the bankruptcy court because this Court does not have the jurisdiction to grant the relief sought.
> 
> The Plaintiff acknowledges that the judgment lien does not attach to property acquired after the filing of the bankruptcy.

Exhibit A, page 5. The case of *Bank of Oklahoma v. Ashley,* 2009 OK CIV APP 50, 212 P.3d 507 supports Discover Bank's position in holding that a bankruptcy does not automatically discharge a judgment lien that arose prior to the bankruptcy filing and a judgment lien does not attach to property acquired after the debtor filed bankruptcy.

Despite Discover Bank's acknowledgement of the foregoing, the Debtor's counsel demands a release of its lien. Such a demand is unnecessary if the Debtor is correct in his contention that his title to the property arose after he filed bankruptcy. Discover Bank's stipulation in Exhibit A and the *Ashley* case should be sufficient to place any title examiner at ease if he believes the property was acquired after the bankruptcy discharge.

There are several possible reasons that Debtor's counsel has continued to insist upon a release. The first is that that the Debtor's counsel may have not communicated Discover Bank's stipulation to the title examiner. The second is that, notwithstanding the stipulation, the title examiner concluded that the Debtor's title to the property was acquired prior to the bankruptcy and therefore a lien release is necessary to clear title. It appears that title to the property is complicated by the fact that prior to the bankruptcy it was held as "Union Bank and Trust Company, Custodian for Tracy Grasz IRA." Obviously Mr. Grasz had an ownership interest in the property in question though it was held through an IRA. In that case, Discover Bank is not obliged to release its lien in the absence of a order to release the lien pursuant to 11 U.S.C. § 522(f).

3

It is possible that the title examiner may be uncertain whether the debtor acquired his interest before or after the bankruptcy and therefore has taken a cautious approach by requiring a lien release.  The examiner may have discovered an error when the deed was executed, such as the absence of proper documentation establishing an IRA or non-qualified contributions to the IRA.  Even if the IRA were properly established, a subsequent action, such as using or occupying the property, would destroy the IRA. See Internal Revenue Code § 408(e)(2) and 4975.  In *Nu-Way Energy Corporation v. Delp*, 205 S.W.3d 667 (Tex. App., 2006) the Court said:

> Under section 408(e)(2)(A) of the Internal Revenue Code, an IRA "ceases to be an individual retirement account" if the account holder "engages in any transaction prohibited by section 4975." 26 U.S.C.A. § 408(e)(2)(A) (West Supp.2006). Thus, an IRA loses its status as exempt property in a bankruptcy proceeding if the account holder engages in a prohibited transaction under section 4975. See *In re Hughes*, 293 B.R. 528, 530 (Bankr.M.D.Fla.2003).

*Nu-Way* at 681.  Therefore, if the Debtor engaged in a prohibited transaction, such as self-dealing, prior to the bankruptcy, the IRA ceased to be an individual retirement account and if this occurred prior to the bankruptcy then Discover Bank's lien would attach to the land.  Then the Debtor could not escape the effect of the lien by listing the IRA in his schedules as exempt property because the lien would have already been created and a secured creditor is not required to object to a debtor's schedules.[1]  A judgment lien creditor may await a motion filed pursuant to 11 U.S.C. § 522(f) to object to an exemption.  See *In re Thompson,* 263 B.R. 134 (Bankr.W.D.Okla. 2001).

---

[1] For example, if a judgment lien arose on the debtor's property, later he transferred the property to an IRA and filed bankruptcy, the judgment lien would not disappear just because he listed the asset as an IRA.

4

**CONCLUSION**

The Debtor asks the Court to order Discover Bank to release its lien. In the absence of an order issued pursuant to an 11 U.S.C. § 522(f) motion, there is no authority that gives the Court the power to release the lien. The Debtor has filed no such motion. It is clear that if Discover Bank's lien attached prior to the bankruptcy, the Debtor must file a motion pursuant to 11 U.S.C. 522(f) to avoid the lien and show that it was exempt. If the debtor acquired the property after he filed bankruptcy, then no release of the lien is necessary because judgment liens do not attach to such property. See *Ashley* and Discover Bank's stipulation in Exhibit A.

Discover Bank should not be required to release the judgment lien merely because a title examiner is cautious. Its stipulation that its lien does not attach to property acquired after the Debtor filed bankruptcy should be sufficient. The only reason such a stipulation would not be sufficient is if there were defects in the title or IRA that caused the Debtor to own the property prior to the bankruptcy.

The Debtor asks the Court to find that the failure to release its lien constitutes slander of title. Not only do the facts militate against such a result, Discover Bank respectfully submits that this Court lacks jurisdiction to make such a finding. Discover Bank has stipulated that its lien does not attach to property acquired subsequent to a bankruptcy filing. Discover Bank has done nothing contrary to the Bankruptcy Code.

The Debtor also asks the Court to tell the Oklahoma State Court that it has the authority to vacate liens pursuant to 12 O.S. 706(d). The Debtor presented this very issue to the Oklahoma Supreme Court who disagreed with his position.

Wherefore, Discover Bank prays that the Court deny the relief sought by the Debtor.

                                          _S/Richard S. Winblad_
                                          STEPHEN L. BRUCE (0BA #1241)
                                          RICHARD S. WINBLAD (OBA #14457)
                                          Attorneys for the DISCOVER BANK
                                          P.O. Box 808
                                          Edmond, OK  73083
                                          405-330-4110
                                          *FAX 405-330-4559*
                                          rwinblad@swbell.net

I hereby certify that on November 15, 2010, a true and correct copy Discover Bank's Objection to Motion to Avoid Lien of the was electronically served using the CM/ECF system, to the following parties:

Jack Tracy, Debtor's attorney.

Robert D. Garrett, Trustee

                                          _S/Richard S. Winblad_