## THE DISTRICT COURT OF CLEVELAND COUNTY, STATE OF OKLAHOMA

| | |
|---|---|
| DISCOVER BANK (DISCOVER)<br>by SA DFS Services LLC<br>       Plaintiff,<br>vs.<br><br>TRACY G GRASZ<br><br>       Defendant | )<br>)  CASE NO. CS-2002-1340<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### OBJECTION TO DEFENDANT'S MOTION TO RELEASE JUDGMENT LIEN

**COMES NOW,** the Plaintiff Discover Bank, and objects to the Defendant's Motion to Release Judgment Lien. In support of its motion the Plaintiff will show as follows:

1. On May 13, 2003 the Plaintiff recovered a summary judgment against the Defendant.

2. On May 30, 2003 the Plaintiff recorded a Statement of Judgment with the Cleveland County Clerk at book M-55 Page 1085. Exhibit A

3. On December 13, 2003 the Defendant filed a Chapter 7 bankruptcy in the Western District of Oklahoma.

4. In the Defendant's bankruptcy schedules he did not claim to own any real property. See Exhibits B and C.

5. In his bankruptcy schedules the Defendant did not claim any real property as exempt. See Exhibit D.

### STATEMENT OF THE LAW

This Court lacks the jurisdiction to grant the relief requested by the Defendant because Oklahoma law does not permit avoidance of judgment liens. See 12 O.S. § 706. After obtaining a judgment the Plaintiff perfected its judgment lien by filing a statement of judgment with the

**EXHIBIT A**

1

Cleveland County Clerk pursuant to 12 O.S. § 706 thereby creating a lien upon any land owned by the Defendant within Cleveland County.

In *In re McKinney-Jones* 219 B.R. 619, (Bkrtcy.W.D.Okla.,1998) the bankruptcy Court addressed the issue of whether a debtor may avoid a judgment lien in Oklahoma. The Court first noted that Oklahoma has opted-out of the Federal exemption scheme, see11 U.S.C. § 522(b)(1) and 31 O.S. § 1 subd. A, par. 21, subd. B. Then the Court commented on the protections afforded by Oklahoma's homestead exemption law:

> A lien created pursuant to this section shall affect and attach to all real property, including the homestead, of judgment debtors whose names appear in the Statement of Judgment; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution.

*In re McKinney-Jones* at 621 (Bkrtcy.W.D.Okla.,1998).

In the instant case the discharge of the debtor was specifically limited to a determination of the *personal liability* of the debtor--it did not discharge any liens. Case law has consistently held that unavoided liens survive bankruptcy.[i] There is nothing to demonstrate that the lien in the instant case has been discharged.

The discharge of the debtors does not purport to discharge any lien. In fact the discharge language specifically excludes references to liens. The "Discharge of Debtor" places a limitation of the discharge stating:

```
(form15)                                                    FILED
                                                          04/13/04
                    UNITED STATES BANKRUPTCY COURT    Grant Price, Clerk
                     Western District of Oklahoma     U.S. Bankruptcy Court
                                                      West. Dist. of Oklahoma
                                                           by: ad
In re:  Tracy Glen Grasz

                                           Case No.: 03 - 24132

        USBC - OKW
        File Copy


                          DISCHARGE OF DEBTOR
    It appearing that a petition commencing a case under title 11, United
States Code, was filed by or against the person named above on 12/30/03,
and that an order for relief was entered under chapter 7 and that no com-
plaint objecting to the discharge of the debtor was filed within the time
fixed by the court [or that a complaint objecting to discharge of the
debtor was filed and, after due notice and hearing, was not sustained];

IT IS ORDERED THAT:

     1. The above-named debtor(s) is(are) released from all dischargeable
        debts.
     2. Any judgment heretofore or hereafter obtained in any court other
        than this court is null and void as a determination of the personal
        liability of the debtor with respect to any of the following:
        (a) debts dischargeable under 11 U.S.C. Sec.523;
        (b) unless heretofore or hereafter determined by order of this
            court to be nondischargeable, debts alleged to be excepted from
            discharge under clauses (2),(4),(6) and (15) of 11 U.S.C. Sec.
            523(a);
        (c) debts determined by this court to be discharged.
     3. All creditors whose debts are discharged by this order and all
        creditors whose judgments are declared null and void by paragraph
        2 above are enjoined from instituting or continuing any action or
        employing any process or engaging in any act to collect such debts
        as personal liabilities of the above-named debtor.

Dated: 04/13/04                              BY THE COURT

                                             /s/ T.M. Weaver

                                             T.M. Weaver
(rev. 1-97)                                  United States Bankruptcy Judge
```

The discharge in the instant case merely discharged the *personal liability* of the debtor but left all other *in rem* remedies intact. This point is reinforced by the decision in *Chandler Bank of Lyons v. Ray* 804 F.2d 577, *579 (C.A.10 (Kan.),1986) where the Court specifically noted that the discharge does not destroy liens that existed prior to the filing of the bankruptcy. It stated:

3

> Specifically, Code § 524(a)(2) states in part that the discharge: (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt ***as a personal liability of the debtor***, or from property of the debtor, whether or not discharge of such debt is waived; ... There was a change in wording from § 14(f) of the former Bankruptcy Act. The trial judge in this case held that "property of the debtor" included property subject to a creditor's lien and that the injunctive portion thus precluded *in rem* proceedings if the creditor had not participated in the bankruptcy proceedings. He thus would require the creditor to enter the proceedings and apparently enter into proceedings or negotiations relating to reaffirmation. As stated previously, this reading is plainly contrary to the specific sections of the Code relating to automatic stays and to lien avoidance, which to have any substantive meaning must be read to allow unavoided liens to pass through § 506(d) without any action by the lien holder.
>
> The legislative history of the Code further supports this court's ruling. Referring to the lien avoidance provisions of the Code, the legislative history reveals:
>
> ***The bankruptcy discharge will not prevent enforcement of valid liens.*** The rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. Cf. *Louisville Joint Stock Land Bank v. Redford* [Radford], 295 U.S. 555, 583, 55 S.Ct. 854, 860, 79 L.Ed. 1593 (1935).
>
> H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862, 6317. This indicates that the provisions for avoidance of liens contain a solution for problems in this area. The reference is made in the quotation to exempt property. It is generally held that an exemption as such does not invalidate liens. Consequently, the Congressional intent is clear that valid liens may be enforced, and the phrase "the property of the debtor" in § 524(a)(2) merely refers to property acquired by the debtor after filing of the bankruptcy petition. ***Emphasis added.***

*Chandler Bank* at 579. See also the unreported case of *In re Lowther*, 2002 WL 31745059, *2+, 52 Fed.Appx. 476, 478+ (10th Cir.(Okla.) Dec 09, 2002)[ii] the debtor sought to avoid a lien awarded in a divorce decree. The Court stated:

> Because this lien passed through Debtor's bankruptcy unaffected, Lowther's pursuing this state-court action did not violate the bankruptcy discharge order. See *Chandler Bank*, 804 F.2d at 579.

4

*In re Lowther* 52 Fed.Appx. 476, *478 , 2002 WL 31745059, **2 (10th Cir.(Okla. (C.A.10 (Okla.),2002).

Recently the Court in *3m Dozer Service, Inc. v. Baker,* 2006 OK 28, 136 P.3d 1047 found that a judgment lien creditor may renew its lien during or after a bankruptcy. It stated:

> ¶21 Under ordinary circumstances, Creditor's judicial lien would have lapsed on February 11, 1998, because Creditor failed to file a certified copy of the notice of renewal of judgment with the county clerk. 12 O.S. Supp. 1998 §§ 735, 759. Although Creditor was not prohibited from renewing its judgment and extending its lien by the automatic stay triggered by Debtor's bankruptcy, the bankruptcy code extended the time in which Creditor could execute on the judgment and judgment lien for at least 30 days after the automatic stay was lifted. 11 U.S.C. §§ 108(c) & 362(a).

*Baker* at ¶ 21 page 1053. The *Baker* case recognizes that a bankruptcy filing and discharge does not limit a party's *in rem* remedies.

## CONCLUSION

The Defendant's bankruptcy merely prevents the Plaintiff from taking certain affirmative steps to collect its judgment as an *in personam* liability of the debtor. A discharge in bankruptcy does not automatically avoid or discharge a lien. The Defendant cannot seek the enforcement of a right available only under bankruptcy law in State Court. Should the debtor want to avoid the judgment lien he must seek relief from the bankruptcy court because this Court does not have the jurisdiction to grant the relief sought.

The Plaintiff acknowledges that the judgment lien does not attach to property acquired after the filing of the bankruptcy.

WHEREFORE, the Plaintiff prays that the Court deny the Defendant's request.

*[signature]*
Stephen L. Bruce, OBA #1241
Richard S. Winblad, OBA #14457
Brandi Dotson, OBA # 19084
M. Brooke Holman, OBA # 18943
Attorneys for Plaintiff
P.O. Box 808
Edmond, OK 73083
(405) 330-4110

CERTIFICATE OF MAILING    This is to certify that on the __7-8__ 200_7_, a true and correct copy of the above and foregoing document was mailed postage prepaid and addressed to:

Jack Tracy
201 West Main
Purcell OK 73080

RHONDA HALL,
Court Clerk
200 S. PETERS AVENUE
NORMAN OK 73069

*[signature]*
Bruce/Winblad/Dotson/Holman

---

i
  Chandler Bank of Lyons v. Ray, 804 F.2d 577, Bankr. L. Rep. P 71,503, 71503+ (10th Cir.(Kan.) Oct 14, 1986)(discharge does not prevent pursuit of *in rem* rights)

Judgment lien established pursuant to Kentucky statute will survive debtor bankruptcy only as *in rem* claim against any real estate debtor owned at time bankruptcy was filed, and judgment lien will not attach to any real estate acquired by debtor after filing Chapter 7 bankruptcy proceeding in which debtor receives discharge. *In re Norvell*, Bkrtcy.W.D.Ky.1996, 198 B.R. 697.

Bankruptcy discharge extinguishes only one mode of enforcing claim (i.e., an action against debtor in personam), while leaving intact an action against debtor *in rem*. *Schroeder v. First Union Nat. Bank of Virginia*, D.Md.1995, 182 B.R. 723.

Discharge injunction does not prevent creditor from enforcing valid, prebankruptcy lien or security interest against property that has been retained by estate or by debtor after discharge. *In re Walker*, Bkrtcy.W.D.La.1995, 180 B.R. 834.

Right of secured creditor to proceed against property in rem survives Chapter 7 proceeding. *In re Walker*, Bkrtcy.E.D.Ark.1993, 151 B.R. 1009.

Discharged debtor is protected from in personam liability, but not from in rem liability, on unavoided, valid lien. *In re Hagemann*, Bkrtcy.N.D.Ohio 1988, 86 B.R. 125.

This title was not designed to give debtors head start by forever immunizing encumbered property from in rem actions, but this title's drafters intended for unavoided liens to survive discharge. *In re Weathers*, Bkrtcy.D.Kan.1981, 15 B.R. 945.

Bankruptcy discharge does not protect debtor from in rem liability nor prevent enforcement of an unavoided valid prepetition lien on either the debtor's exempt or nonexempt property. Conklin v. Iowa Dist. Court for Scott County, Iowa 1992, 482 N.W.2d 444. Bankruptcy 3413.1

Westlaw.

52 Fed.Appx. 476                                                                                                      Page 1
(Cite as: 52 Fed.Appx. 476, 2002 WL 31745059 (10th Cir.(Okla.)))

**H**
This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.

In re Paula Joann LOWTHER, Debtor.
Paula Joann Lowther, Appellant,
v.
Neal Lowther, Appellee.

No. 02-6075.

Dec. 9, 2002.

Following debtor's bankruptcy discharge, debtor's ex-husband brought state court proceedings to enforce his lien against former marital residence. The United States Bankruptcy Court for the Western District of Oklahoma denied debtor's motion to have husband cited for contempt, and debtor appealed. The Bankruptcy Appellate Panel affirmed, and debtor appealed. The Court of Appeals, Hartz, Circuit Judge, held that ex-husband's lien was not extinguished by debtor's bankruptcy discharge.

Affirmed.

West Headnotes

**Bankruptcy** ⟸3413.1
51k3413.1 Most Cited Cases

Debtor's ex-husband's equitable lien against former marital residence was not extinguished by debtor's bankruptcy discharge, and thus ex-husband was not barred from commencing post-discharge state court proceedings to enforce lien, even though debtor claimed residence as exempt, and ex-husband did not file proof of claim or properly perfect lien under state law, where debtor listed her debt to ex-husband only as unsecured claim, and debtor failed to avoid lien in bankruptcy proceedings. Bankr.Code, 11 U.S.C.A. §§ 501, 506(d), 522(c), 544(a).

*476 Before BRISCOE, Circuit Judge, BRORBY, Senior Circuit Judge, and HARTZ, Circuit Judge.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

HARTZ, Circuit Judge.

**1 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*477 Debtor-appellant Paula Joann Lowther (Debtor) and her former husband, appellee Neal Lowther (Lowther), were divorced in June 1999. Their divorce decree awarded their marital residence to Debtor, but gave Lowther a lien against that property to protect his equity in the home. Debtor subsequently filed for Chapter 7 bankruptcy relief. Following her bankruptcy discharge, however, Lowther sought in state court to foreclose his lien against the former marital residence. The state court ordered the parties to sell the residence, but abated that order pending the outcome of these bankruptcy proceedings. The question presented by

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

52 Fed.Appx. 476                                                                                Page 2
(Cite as: 52 Fed.Appx. 476, 2002 WL 31745059 (10th Cir.(Okla.)))

this appeal is whether, in attempting to foreclose his lien, Lowther violated the bankruptcy court's order discharging Debtor's personal debts.

The bankruptcy court determined that Lowther had not violated the bankruptcy discharge order and denied Debtor's motion to have him cited for contempt. The bankruptcy appellate panel affirmed. We independently review the bankruptcy court's legal conclusions *de novo.* See *In re Albrecht,* 233 F.3d 1258, 1260 (10th Cir.2000). Because we agree with the bankruptcy court that Debtor's bankruptcy proceedings did not affect Lowther's lien against the parties' former marital residence, we affirm.

The parties' divorce decree awarded Debtor the couple's marital residence "as her sole and separate property," subject to the condition that she refinance that residence by February 1, 2000, in order to repay Lowther his equity in the property. The decree also gave Lowther a lien against the property. The state court imposed this "equitable lien ... to secure [Debtor's] obligation to pay a monetary award that represents the consideration for [Lowther's] relinquishment of his ... interest in the marital estate." *First Cmty. Bank v. Hodges,* 907 P.2d 1047, 1051 n. 6 (Okla.1995). Accordingly, under Oklahoma law, the interest Debtor received in this real property from the divorce decree was already encumbered by Lowther's lien from the outset. *See id.*

The divorce decree further provided that in the event Debtor was unable to obtain timely refinancing, the house should be sold, with Lowther to "receive as his equity the sum of $11,360, regardless of the sale price of the home." Appellant's App., Vol. II-A at 161. Debtor was unable to refinance the residence, and on January 31, 2000, she filed for Chapter 7 bankruptcy relief. In her bankruptcy petition she claimed the marital residence as exempt property, *see* 11 U.S.C. § 522, encumbered only by Bancoklahoma Mortgage Corporation's purchase money mortgage. She listed the $11,360 she owed Lowther as only an unsecured claim. Furthermore, Lowther did not file a proof of this claim in the bankruptcy proceeding. Debtor contends, therefore, that the bankruptcy court's May 11, 2000, discharge order extinguished the $11,360 debt she owed Lowther, as well as his lien against the former marital residence.

\*\*2 Although the discharge order may have extinguished Debtor's personal liability for that debt, the lien itself passed through the bankruptcy proceeding unaffected. See *Johnson v. Home State Bank,* 501 U.S. 78, 80, 82-83, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *see also, e.g., Dewsnup v. Timm,* 502 U.S. 410, 418-19, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). This is so even though it encumbered property that Debtor claimed as exempt. *See Owen v. Owen,* 500 U.S. 305, 308-09, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); 11 U.S.C. § 522(c). The lienholder is not required to file a proof of claim or otherwise participate \*478 in the bankruptcy in order to protect his lien. *See Dewsnup,* 502 U.S. at 417-18; **Chandler Bank v. Ray, 804 F.2d 577, 579 (10th Cir.1986)**; 11 U.S.C. § 506(d) (indicating lien securing claim against debtor will not be void just because no entity filed proof of that claim under 11 U.S.C. § 501). Furthermore, while a party can bring a lienholder into a bankruptcy proceeding and challenge the lien there, *see Dewsnup,* 502 U.S. at 417-18, Debtor did not do so in this case.

Nevertheless, Debtor now argues that Lowther's lien cannot survive her bankruptcy discharge because he never properly perfected this lien under Oklahoma law by filing the divorce decree in the county in which the marital residence is located. *See Hodges,* 907 P.2d at 1053-54 & 1053 n. 17. She contends that as a result, her discharge order extinguished Lowther's lien under 11 U.S.C. § 544(a). Section 544(a), among other things, gives the bankruptcy trustee the rights of a hypothetical judicial lienholder or bona fide purchaser to avoid other, inferior interests. *See, e.g., Sender v. Simon,* 84 F.3d 1299, 1304 (10th Cir.1996); *see also In re LMS Holding Co.,* 50 F.3d 1526, 1527 (10th Cir.1995). Specifically, § 544 "gives the trustee priority over claims, liens or interests which are not fully perfected at the time the bankruptcy petition is filed." *Gen. Motors Acceptance Corp. v. Rupp,* 951 F.2d 283, 284 (10th Cir.1991). In this case, however, neither Debtor nor the bankruptcy trustee sought to avoid Lowther's lien under § 544(a). (Nor is it at all clear that such an attempt could have succeeded. *See Watkins v. Watkins,* 922 F.2d 1513 (10th Cir.1991).) Therefore, the authority she now relies upon is inapposite. *Cf. LMS Holding Co. v. Core-Mark Mid-Continent, Inc.,* 50 F.3d 1520 (10th Cir.1995) (addressing Chapter 11 debtor-in-possession's adversary proceeding

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

52 Fed.Appx. 476
(Cite as: 52 Fed.Appx. 476, 2002 WL 31745059 (10th Cir.(Okla.)))

Page 3

commenced under § 544(a)(1) to avoid creditor's security interest in after-acquired inventory).

Finally, Debtor argues that, in any event, Lowther abandoned his lien in an adversary proceeding he filed in the bankruptcy court seeking to determine the dischargeability of debts that Debtor owed him resulting from the divorce proceedings. *See* 11 U.S.C. § 523(a)(5), (15) (Supp.2002). We find no such abandonment. At a hearing in the proceeding the bankruptcy court asked Lowther's attorney to specify what debt or debts were at issue in the proceeding. After a somewhat confusing colloquy, the court announced that nothing related to the marital home was before the court. It is clear from this record that Lowther did not abandon in bankruptcy court his lien on the former marital residence. Rather, he chose to enforce that lien in state court, outside the bankruptcy proceedings. Because this lien passed through Debtor's bankruptcy unaffected, Lowther's pursuing this state-court action did not violate the bankruptcy discharge order. *See Chandler Bank,* 804 F.2d at 579.

\*\*3 The judgment of the Bankruptcy Appellate Panel is AFFIRMED.

52 Fed.Appx. 476, 2002 WL 31745059 (10th Cir.(Okla.))

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

## STATE OF OKLAHOMA
## STATEMENT OF JUDGMENT

STATE OF OKLAHOMA )
) ss.
OKLAHOMA COUNTY )

Doc#:M 2003 3013
Bk&Pg:M 55 1086
Filed: 05-30-2003   AMF
08:55:06 AM   SJ
Cleveland County, OK

I, Stephen L. Bruce, of lawful age, being first duly sworn, depose and say:

1. That on May 13, 2003 judgment was rendered in Case No. CS-2002-1340 in the District Court of CLEVELAND County DISCOVER BANK (DISCOVER CARD) by SA Discover Fin. Serv. Inc. vs. TRACY GRASZ as follows:

| IN FAVOR OF | Against | AMOUNT-Call atty for current balance. |
|---|---|---|
| DISCOVER BANK (DISCOVER CARD) | TRACY GRASZ | $ 11416.28 |

2. That judgment was filed with the CLEVELAND County Court Clerk on May 13, 2003.

3. That the county clerk shall enter on the judgment index a statement based on this information, in compliance with 12 O.S. Supp. 1993 Sec. 706.

4. That the name and address of the judgment creditor is:
DISCOVER BANK (DISCOVER CARD)  P.O. Box 8003  Hillard OH 43026-8003
Further, your affiant sayeth not.

Stephen L. Bruce  (OBA# 1241)
Attorneys for Plaintiff
204 N. Robinson, Suite 1100
Oklahoma City, OK 73102
(405) 232-2225

Return to =>
Direct Inquiries to=>
REF #: 14306

Signed and sworn to before me on 5/14/03 by Stephen L. Bruce.

NOTARY PUBLIC

My Commission Expires: 2/6/06
Commission Number: 02000364


EXHIBIT A

STATE OF OKLAHOMA } SS
COUNTY OF CLEVELAND }
I, DORINDA HARVEY, County Clerk in and for the county and state above named do hereby certify that the foregoing is a true and correct copy of a the instrument now on file in my office.
Witness my hand and official seal this 30th day of May 2003.
DORINDA HARVEY, County Clerk
By _____ Deputy

14306

Form B6
(6/90)

**FILED**
**JAN 21 2004**
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT

# United States Bankruptcy Court
## Western District of Oklahoma

In re  TRACY GLEN GRASZ

Case No.  03-24132WV
Chapter  7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 182,300.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 11,012.82 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 3 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $ 30,247.33 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 100.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 100.00 |
| Total Number of sheets in ALL Schedules | | 16 | | | |
| | | Total Assets ▶ | $ 182,300.00 | | |
| | | | Total Liabilities ▶ | $ 41,260.15 | |


EXHIBIT B

5

FORM B6A
(6/90)

In re: __TRACY GLEN GRASZ_____,   Case No. __03-24132WV__
        Debtor                                 (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not Include Interests In executory contracts and unexpired leases on this schedule. List them In Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |
| | Total ➤ | | 0.00 | |

(Report also on Summary of Schedules.)


EXHIBIT C

FORM B6C
(6/90)

In re  TRACY GLEN GRASZ                                        , Case No.  03-24132WV
                    Debtor.                                                 (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)    Exemptions provided in 11 U.S.C. § 522(d).    Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2)    Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| .22 Pistol | 31 OSA § 1(A)(14) | 100.00 | 100.00 |
| 1990 Chevrolet 2500 Pickup | 31 OSA § 1(A)(13) | 2,500.00 | 2,500.00 |
| Checking Account, McClain County National Bank | 31 OSA § 1(A)(18), 12 OSA §1171.1, 31 OSA§1.1, 31 OSA§1.3 | 1,200.00 | 66.74 |
| Horses (2) | 31 OSA §§ 1(A)(10), (11), (12), (15), (16), (17) | 3,000.00 | 3,000.00 |
| IRA Account | 31 OSA § 1(A)(20) | 175,000.00 | 175,000.00 |
| Saddle | 31 OSA §§ 1(A)(10), (11), (12), (15), (16), (17) | 200.00 | 200.00 |
| Wearing apparel of debtor | 31 OSA § 1(A)(8) | 300.00 | 300.00 |



EXHIBIT D