

**Dated: May 09, 2011 15:36:03**

**The following is ORDERED:**

T.M. Weaver
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

IN RE:      TRACY GLEN GRASZ,     )
                                 )   CASE NO. 03-24132-WV
                Debtor.   )   Chapter 7

## ORDER ON MOTION TO DETERMINE DEBT OF DISCOVER BANK DISCHARGED AND FOR REMAND

       Before the court is the Motion to Determine the Debt of Discover Bank Discharged and Void as of the Date of Bankruptcy Discharge, April 13, 2004, and for Remand to State Court for Further Proceedings Consistent with this Ruling ("motion") (Dkt. 27) filed by the debtor herein ("Debtor"), and the response in objection thereto (Dkt. 28) filed by Discover Bank ("Creditor").  The issue presented concerns the effect of a pre-petition money judgment against Debtor on real property acquired by Debtor subsequent to Debtor's discharge in this bankruptcy proceeding.

       The rather tortured history of this matter includes the following pertinent facts:

       1.     Creditor obtained a judgment for approximately $11,500.00 against Debtor in the District Court of Cleveland County, Oklahoma, after which Creditor caused a

Statement of Judgment to be filed in the office of the County Clerk of Cleveland County, Oklahoma, on March 30, 2003.

2.      On December 30, 2003, Debtor filed the instant Chapter 7 bankruptcy proceeding, listing Creditor among his creditors.

3.      Debtor's bankruptcy schedules did not list the real property in question as an asset of Debtor's bankruptcy estate.

4.      Debtor received his bankruptcy discharge on April 13, 2004.

5.      On December 28, 2005, Debtor was conveyed, by a Quit Claim Deed recorded in Cleveland County, Oklahoma, the subject real property located in Cleveland County, Oklahoma.

6.      Subsequently, Debtor demanded that Creditor release the purported judgment lien on the subject real property, to no avail.

7.      Thereafter, Debtor filed a motion in the Cleveland County, Oklahoma proceedings requesting that the court release the purported judgment lien held by Creditor.

8.      Creditor objected to Debtor's motion on the ground that the state court lacked jurisdiction to avoid or discharge a lien.

9.      The trial court denied Debtor's motion.

10.     Debtor filed an appeal with the Court of Civil Appeals of the State of Oklahoma, which court affirmed the ruling of the trial court in an unpublished opinion.

The state court action in which Debtor's motion was filed was based on OKLA. STAT. tit, 12, § 706(E)(2), which reads:

> The lien of any judgment which has been satisfied by payment
> or otherwise discharged and which has not been released by

> the judgment creditor shall be released by the court upon
> written motion.

*Id.*  The Debtor urged the trial court to release the purported judgment lien, asserting that it had been discharged in the bankruptcy court proceedings.  The trial court ruled that it lacked authority to grant the requested relief and that Debtor's remedy was in bankruptcy court. The Court of Civil Appeals affirmed the trial court, reasoning that only the bankruptcy court could make determinations concerning lien avoidance and discharge. The appellate court summed up its ruling as follows:

> The effect of the bankruptcy discharge on the judgment lien in
> question has not been addressed or decided by the bankruptcy
> court.  Until this occurs, the trial court lacks authority under 12
> O.S. 2001 § 706(E)(2) to release the lien, as the trial court
> properly held.

Upon review, this court agrees that lien avoidance is unique to bankruptcy and that issue is one over which the bankruptcy court has exclusive jurisdiction under § 522(f) of the Bankruptcy Code.  However, the issue before the state court did not involve lien avoidance under the bankruptcy law.  Rather, Debtor sought a release of the purported lien under state law.

Nevertheless, whether this court agrees with the state appellate court's analysis is of no moment as the *Rooker - Feldman* doctrine precludes a bankruptcy court from sitting in review of a state court's ruling.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Thus, while Debtor prays for a finding that the state court had jurisdiction to set aside the judgment, this court may not grant Debtor such relief.  However, this court does accept the appellate court's

3

invitation to address the effect of Debtor's bankruptcy discharge on the purported judgment lien of Creditor.

It is well established that a bankruptcy discharge extinguishes the personal liability of a debtor, but the discharge does not affect any pre-existing lien. 11 U.S.C. § 524(a); *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991); *Bank of Oklahoma v. Ashley*, 212 P.3d 507, 509-511 (Okla. Civ. App. 2009). Thus, Debtor had no further liability on the judgment debt owed to Creditor after the granting of the discharge. However, if there was an existing lien on the real property, such lien survived the discharge and could be enforced despite the discharge.

Unfortunately, the determinative issue that was not addressed in the state court proceedings was whether there was indeed a judgment lien on the subject real property in the first instance. If Creditor's purported lien on the subject property was in existence when Debtor filed bankruptcy, the lien was unaffected by the discharge and remains a valid lien. But where real property is not acquired until after the discharge - as was the case here - no lien can attach to the property because the judgment debt had been extinguished by the discharge. This conclusion is supported by the *Ashley* case, 212 P.3d at 511, in which the court ruled:

> Accordingly, we find that the legislative intent of 12 O.S. 2001 § 706(E)(2) is that judgments extinguished by bankruptcy proceedings no longer have vitality to attach as liens to real estate *subsequently* acquired by a debtor.

Interestingly, Creditor agrees with this conclusion. In its response in objection to the motion, at page 5, Creditor acknowledges:

4

> If the debtor acquired the property after he filed bankruptcy, then no release of the lien is necessary because judgment liens do not attach to such property.

(*citing Ashley* and Creditor's objection filed in the state court proceeding.)

Having found that Debtor acquired the subject real property after having received his discharge, this court concludes that the judgment in favor of Creditor never attached as a lien to the subject real property. Unfortunately for Debtor, however, because of the present status of the case, the court either declines or is unable to grant much of the relief Debtor seeks. The court would decline Debtor's request to direct Creditor to release the purported lien because such lien is non-existent, even if the court had jurisdiction to do so. As noted, the court may not purport to make a finding as to the jurisdiction of the state court to release the purported judgment lien, as that would be violative of the *Rooker-Feldman* doctrine. Presumably, however, Debtor could bring a quiet title action to remove the cloud on the title to the subject property arising from the existing Statement of Judgment on file. The latter relief must be sought in state court as the bankruptcy court would have no jurisdiction to entertain such proceeding.

For the reasons stated, the court rules in favor of Debtor, holding that Creditor does not have a lien on the subject real property of Debtor arising from Creditor's pre-petition money judgment against Debtor. The court denies the remaining requests for relief in the motion.

IT IS SO ORDERED.

###

J:\OPINIONS\grasz.wpd